UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CATHAY BANK,

                Plaintiff,                **REPORT AND**
                                                            **RECOMMENDATION**

        - against -

                                                             09 CV 4288 (DLI)(CLP)

JACK WU-CHANG LAI,

                Defendant.
------------------------------------------------------------X
CATHAY BANK,

                Plaintiff,                **REPORT AND**
                                                            **RECOMMENDATION**

        - against -

                                                              09 CV 404 (DLI)(CLP)

MARINDA WANG and PATRICK CHEN,

                Defendants.
------------------------------------------------------------X

      Plaintiff Cathay Bank ("Cathay") commenced these two actions to recover amounts due under guarantees signed by defendants Jack Wu-Chang Lai, Marinda Wang, and Patrick Chen. By Order dated March 3, 2011, the Honorable Dora L. Irizarry granted plaintiff's motion for summary judgment and referred the matter to the undersigned for a determination on the issue of damages.

## BACKGROUND

      Plaintiff Cathay is a bank organized under the laws of California and has its headquarters

1

at 9650 Flair Drive, El Monte, California 91721. (Pl.'s Lai 56.1 Stmnt.[1] ¶ 1; Pl.'s Wang/Chen 56.1 Stmnt.[2] ¶ 1). On or about February 18, 2005, Cathay entered into five separate loan agreements with 69 Suffolk Street, LLC ("69 Suffolk"), 106 North East Street, LLC ("106 North"), 690 Dwight Street, LLC ("690 Dwight"), 5 Adam Street, LLC ("5 Adam"), and 510 South Bridge Street, LLC ("510 South") (collectively, the "debtors"). (Pl.'s Lai 56.1 Stmnt. ¶¶ 3-12; Pl.'s Wang/Chen 56.1 Stmnt. ¶¶ 3-12). Defendants Lai, Wang, and Chen executed unconditional guarantees, by which they guaranteed the debtors' obligations. (Pl.'s Lai 56.1 Stmnt ¶ 14; Pl.'s Wang/Chen 56.1 Stmnt ¶ 16). After the debtors defaulted on their loans, defendants Lai, Wang, and Chen failed to make any payments to Cathay with respect to the unpaid obligations. (Pl.'s Lai 56.1 Stmnt. ¶ 16; Pl.'s Wang/Chen 56.1 Stmnt. ¶ 16).

By Order dated March 3, 2011, the district court granted plaintiff's motion for summary judgment, holding defendants liable for their failure to make payments on the loans. The district court then referred the matter to the undersigned to issue a report and recommendation as to damages.

On March 17, 2011, defendants filed motions for reconsideration of the district court's March 3, 2011 decision. By Order dated March 11, 2012, the district court denied defendants' motions and once again referred the matter to the undersigned for a report and recommendation

---

[1] Citations to "Pl.'s Lai 56.1 Stmnt." refer to "Plaintiff Cathay Bank's Statement of Material Facts as to which there is No Genuine Issue to be Tried Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern Districts of New York," filed in support of plaintiff's motion for summary judgment against defendant Lai on May 28, 2010.

[2] Citations to "Pl.'s Wang/Chen 56.1 Stmnt." refer to "Plaintiff Cathay Bank's Statement of Material Facts as to which there is No Genuine Issue to be Tried Pursuant to Rule 56.1 of the Local Civil Rules for the Southern and Eastern Districts of New York," filed in support of plaintiff's motion for summary judgment against defendants Wang and Chen on May 28, 2010.

on the issue of damages.

## DISCUSSION

Plaintiff requests a total of $4,246,729.91, representing $4,109,939.82 in damages and $136,790.09 in attorney's fees.

A. Damages

1. Plaintiff's Request for Damages

In support of its motion for summary judgment, plaintiff submitted the Declaration of Gregory Alcala, Vice President of Cathay Bank. (Lai Alcala Decl.[3] ¶ 1; Wang/Chen Alcala Decl.[4] ¶ 1). For each loan, Cathay and each of the debtors entered into (1) a promissory note, (2) a mortgage and security agreement, and (3) an assignment of leases of rent. (Lai Alcala Decl. ¶¶ 4, 6, 8, 10, 12; Wang/Chen Alcala Decl. ¶¶ 5, 7, 9, 11, 13). Mr. Alcala represents that the loans were for principal amounts as set forth below:

| LOAN | PRINCIPAL AMOUNT |
| --- | --- |
| 69 Suffolk | $1,512,000.00 |
| 106 North | $525,000.00 |
| 690 Dwight | $1,008,000.00 |

---

[3] Citations to "Lai Alcala Decl." refer to the Declaration of Gregory Alcala in Support of Plaintiff Cathay Bank's Motion for Summary Judgment Against Jack Wu-Chang Lai, filed May 28, 2010.

[4] Citations to "Wang/Chen Alcala Decl." refer to the Declaration of Gregory Alcala in Support of Plaintiff Cathay Bank's Motion for Summary Judgment Against Marinda Wang and Patrick Chen, filed May 28, 2010.

3

| 5 Adam | $420,000.00 |
| 510 South | $525,000.00 |
| **TOTAL** | $3,990,000.00 |

(Lai Alcala Decl., Ex. A[5]; Wang/Chen Alcala Decl., Exs. A, B[6]).

Plaintiff also submitted copies of the guarantees, which set forth the obligations of the defendant-guarantors in the event of a default. (Lai Alcala Decl., Ex. A; Wang/Chen Alcala Decl., Exs. A, B). The guarantees provide that defendants, as guarantors, "unconditionally, irrevocably and absolutely guarantee[] when due, in accordance with the terms thereof and without prior written notice, the payment of all principal, interest and other sums owed by" the debtors. (Id.)

Plaintiffs request a total of $4,109,939.82 in damages, representing principal, interest, late fees, and "other fees," plus per diem interest from March 3, 2011 through the date of payment. (Weinstein Decl.[7] ¶ 7). These amounts are set forth in Exhibit A, a chart of amounts owed titled "Holyoke 5 Accounting," which appears to compute the amounts owed as of March 3, 2011. (Weinstein Decl., Ex. A). The amounts owed are set forth in Exhibit A as follows:

---

[5]Citations to "Lai Alcala Decl., Ex. A" refer to Exhibit A, which are copies of the five guarantees signed by defendant Jack Wu-Chang Lai on February 18, 2005.

[6]Citations to "Wang/Chen Alcala Decl., Exs. A, B" refer to Exhibits A and B to the Declaration of Gregory Alcala. Exhibit A consists of copies of the five guarantees executed by defendant Marinda Wang, signed February 18, 2005. Exhibit B consists of copies of the five guarantees executed by defendant Patrick Chen, signed February 18, 2005.

[7]Citations to the "Weinstein Decl." refer to the Declaration of Saul T. Weinstein in Support of Calculation of Damages in Connection with Summary Orders Granting Judgment Against Marinda Wang, Patrick Chen, and Jack Wu-Chang Lai, filed December 7, 2011.

4

| DEBTOR | PRINCIPAL OWED | INTEREST AS OF 3/3/11 | LATE FEES | OTHER FEES | PER DIEM | TOTAL |
|---|---|---|---|---|---|---|
| 69 Suffolk | $1,362,443.62 | $211,315.75 | $15,509.20 | N/A | $53.25 | $1,589,505.79 |
| 106 North | $479,245.32 | $46,382.87 | $4,766.98 | $3,240.20 | $53.25 | $533,688.62 |
| 690 Dwight | $908,294.96 | $111,528.61 | $10,339.28 | N/A | $42.60 | $1,030,257.46 |
| 5 Adam | $383,419.96 | $37,066.06 | $3,813.86 | $1,500.00 | $237.22 | $425,842.48 |
| 510 South | $479,245.54 | $46,279.64 | $3,567.04 | $1,500.00 | $94.61 | $530,645.47 |
| **TOTAL** | | | | | | $4,109,939.82 |

(Id.)

Defendant Marinda Wang "takes no position regarding plaintiff['s . . .] pending damages application, but holds plaintiff to its proofs regarding the sufficiency of the evidence presented concerning its alleged damages." (Wang 4/12 Ltr.[8] at 1). Neither defendant Lai nor defendant Chen have objected to plaintiff's claim of damages.

2. Analysis

In support of its request for damages, plaintiff submits only the three-page Weinstein Declaration and the one-page "Holyoke 5 Accounting" chart. (See Docket Entry 48). The Holyoke 5 Accounting includes amounts labeled "principal," "interest," "late fees," "per diem," "other fees," and "sub total." However, plaintiff has provided no explanation of how the values in the chart were calculated. Nor has plaintiff set forth the legal and factual basis for its alleged

---

[8]Citations to "Wang 4/12 Ltr." refer to defendant Wang's letter to the Court, dated April 12, 2012.

5

entitlement to the damages as set forth in the Holyoke 5 Accounting. Plaintiff's failure to submit further documentation or to otherwise provide the basis for its requested damages has made it impossible for the Court to determine if its calculations of principal, interest, and fees owed are correct.

Upon review of the copies of the guarantees attached to the Complaints, the Court notes that they are insufficient documentary proof of damages. The guarantees set forth only the principal amounts of the loans and do not set forth the interest rate or the fees that may be imposed for failure to make payments. As plaintiff has failed to provide the Court with copies of the promissory notes executed in this case, it is unclear if the terms of the notes support plaintiff's claimed damages.

The Court also notes that total principal plaintiff claims is owed in the Holyoke 5 Accounting ($3,612,649.40) differs from the total principal of the guarantees ($3,990,000.00), as set forth in the Alcala Declaration. Plaintiff has wholly failed to explain this difference. Plaintiff has also failed to indicate if any payments were made on the loans and, if so, the amounts and dates of any such payments. Any mention of when the debtors defaulted on their obligations under the promissory notes is also absent from plaintiff's papers.

In light of the utter insufficiency of plaintiff's proof of damages, the Court respectfully recommends that plaintiff not be awarded the any damages at this time, with leave to renew its application by filing supplemental papers in support of its damages request.

B. <u>Attorney's Fees and Costs</u>

Plaintiff requests an award of attorney's fees in the amount of $136,790.09. (Weinstein

Decl. ¶ 8). However, not only has plaintiff failed to provide the legal basis for an award of attorney's fees in this case, but it also failed to submit any documentation regarding its counsel's experience, billing rates, and time spent on this case.

"The general American rule is that a prevailing party in federal court litigation cannot recover attorney's fees," Sussman v. Bank of Israel, 56 F.3d 450, 460 (2d Cir. 1995) (citing Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975)), absent statutory authority. Union of Needletrades, Indus. and Textile Employees, AFL-CIO, CLC v. U.S. I.N.S., 336 F.3d 200, 209 (2d Cir. 2003). Even if the prevailing party is entitled to an award of attorney's fees, it must offer support for the rate requested and hours worked.

In order for the court to determine whether particular claimed hours are excessive or duplicative, the applicant for fees must provide contemporaneous time records. See New York Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983). Indeed, the Second Circuit in Carey held that after the date of that decision, fee applications in the Second Circuit that were not supported by contemporaneous time records, indicating for each attorney the date, the hours expended, and the nature of the service performed, "should normally be disallowed." Id. at 1148, 1154; accord Lewis v. Coughlin, 801 F.2d 570, 577 (2d Cir. 1986) (holding that after Carey, "no attorney's fees could be collected if a fee application was not adequately documented"). Although courts have permitted the production of verbatim transcriptions of the daily entries of attorneys or computerized transcriptions of contemporaneous records where these records were maintained on a computer, see, e.g., Wilder v. Bernstein, 725 F. Supp. 1324, 1333-34 (S.D.N.Y. 1989), aff'd in part and remanded, 965 F.2d 1196 (2d Cir.), cert. denied, 506 U.S. 954 (1992); Lenihan v. City of New York, 640 F. Supp. 822, 824

7

(S.D.N.Y. 1986), it is nonetheless clear that there must be some showing by the applicant that the documentation presented represents actual contemporaneously made time entries. See Wilder v. Bernstein, 725 F. Supp. at 1334 (permitting consideration of "verbatim transcriptions" of the attorney's daily diary entries where the lawyers "attested to the fact that the documentation presented to the Court concerning the amount and the description of the time spent by the . . . attorneys consisted of the actual entries and they appeared in the daily diaries of the individuals in question, not summaries or reconstructions of these entries").

Plaintiff's counsel has submitted no documentation in support of his request for attorney's fees. In light of plaintiff's failure to comply with the requirements of Carey and to provide a legal basis for awarding attorney's fees in this breach of contract action, this Court respectfully recommends that plaintiff's fee request be denied subject to a further submission in compliance with the Circuit's requirements.

## CONCLUSION

Accordingly, the Court respectfully recommends that plaintiffs not be awarded damages or attorney's fees at this time, with leave to renew its application by filing supplemental papers in support of its request for damages and attorney's fees.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. Section 636(b)(1); Fed. R. Civ. P. 6

The Clerk is directed to send copies of this Order to the parties either electronically

through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
April 25, 2012

/s/ CHERYL POLLAK
Cheryl L. Pollak
United States Magistrate Judge